THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDUALDO EMILCENT**<br><br>**v.**<br><br>**DAVID O'NEILL,** *Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement;* **KRISTI NOEM,** *Secretary, U.S. Department of Homeland Security;* **PAMELA BONDI**, *U.S. Attorney General;* **JAMAL L. JAMISON,** *Warden of the Philadelphia Federal Detention Center* | **CIVIL ACTION**<br><br>**No. 25-7015** |

**Henry, J.**                                                                                    **December 22, 2025**

**<u>MEMORANDUM</u>**

Edualdo Emilcent is one of many people who have recently been detained by immigration authorities under the authority of a new decision by the Bureau of Immigration Appeals (BIA). The BIA's interpretation of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225, would permit it to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Emilcent of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent weeks and months rejecting the BIA's analysis, I grant Emilcent's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I.  BACKGROUND

Emilcent entered the United States from Mexico in September of 2021. *See* ECF No. 1 ("Pet.") at ¶2. He was apprehended by Customs and Border Patrol (CBP) and detained. *Id*. On or about September 30, 2021, he was released and DHS paroled him into the United States pursuant to INA 212(d)(5) [8 U.S.C. § 1182(d)(5)], which allows for discretionary parole into the United States "under such conditions as [DHS] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." *Id*.  His parole was valid until May 18, 2022. *Id.* Thereafter, on July 15, 2022, Emilcent timely filed an I-589, Application for Asylum that remains pending, and applied for and was granted Temporary Protected Status as a Haitian citizen from December 4, 2023, through August 3, 2024. Pet. at ¶¶4-5. Emilcent's Temporary Protected Status was automatically extended through February 3, 2026. *Id*. at ¶5.

As a condition of his parole, Emilcent was required to report to Immigration and Customs Enforcement (ICE) office annually, and on December 9, 2025, he was detained at the Philadephia ICE office at his annual check-in. Pet. at ¶¶3, 7. He is now being held without eligibility for bond. Emilcent filed the instant Petition on December 12, 2025, in which he brings three claims for relief: (I) Violation of the Immigration and Nationality Act; (II) Violation of Bond Regulations; and (III) Violation of Due Process. He seeks a declaration that his detention is unlawful and an order requiring Respondents to release him immediately. The Petition is now fully briefed and ripe for decision.

## II.  DISCUSSION

I do not proceed from a blank canvas. Instead, as the respondents acknowledge, "[t]his legal question has been considered by numerous courts" and "[n]early all resulting decisions have rejected the government's position, including about 25 decisions from this District." Opp. at 1.

Further, numerous additional habeas petitions confronting the same legal issue are pending in this District. Opp. at n.2. The "legal question" at issue in these cases first addresses the preliminary issue of jurisdiction followed potentially by arguments on the merits that center on Section 1225, but which may also touch on the Constitution's Due Process Clause as well as immigration regulations.

On December 16, 2025, another Judge of this Court determined that there had been close to 300 decisions considering the issues raised by Petitioner in this case. *Garcia Zamora v. Jamison*, No. 25-6656, 2025 WL 3642088, at *2 (E.D. Pa. Dec. 16, 2025) (Bartle, J.). Further, as stated by Respondents, this issue has been addressed in more than 25 opinions in this district alone. Opp. at n.1. In all this district's cases, as well as almost all the cases nationwide, district courts have found jurisdiction to be proper and proceeded to rule on the merits in favor of the petitioner. *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025). There is no appellate authority on the matter from the Third Circuit to date.[2]

The parties are entitled to the giving of reasons, but I must balance the depth of my analysis against the fact that I have little new to say, and Emilcent is suffering an ongoing detention which I have determined to be unlawful. I therefore rely more than other times for the expression of my reasoning on the explanations already set out by my colleagues.

The respondents first object to the Court's jurisdiction. They raise three paragraphs of the INA: 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). In short order: Section 1252(g) is inapposite, since Emilcent does not attempt by this petition to address the commencement, adjudication, or execution of removal orders and their proceedings. *Reno v. Am.-Arab Anti-*

---

[2] BIA is an appellate court, but not a part of the judiciary. Although it decides appeals taken from immigration courts, it does not decide appeals taken from United States district courts like the 288 compiled in the *Demirel* appendix.

*Discrimination Comm.*, 525 U.S. 471, 482 (1999) (applying jurisdiction stripping "only to [these] three discrete actions"). Section 1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (cleaned up). Finally, the respondents' statutory detention power is "not a matter of discretion" to which § 1252(a)(2)(B)(ii) applies. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Turning to the merits, the first question is whether Emilcent is properly detained under the mandatory detention provisions in 8 U.S.C. § 1225. According to respondents, Emilcent's detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Emilcent was an "applicant for admission" in this section although he had already been within the country more than four years at the time he was detained. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Emilcent sought to be admitted to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025). It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel*, 2025 WL 3218243, at *4. It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243, at * 4 (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Hurtado*, 29 I&N Dec. at 222 (offering alternative textual analysis). I thus hold that Emilcent is not being detained pursuant to 8 U.S.C. § 1225 but

4

rather, as he posits, he is being detained pursuant to 8 U.S.C. § 1226, which "applies to aliens already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

When an individual is detained pursuant to 8 U.S.C. § 1226, due process rights are implicated. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent."). I echo Judge Wolson's analysis of due process in near identical circumstances in finding that Emilcent's detention pursuant to 8 U.S.C. § 1226 without a bond hearing is unconstitutional. *See Kashranov*, 2025 WL 3188399, at *13 (holding that the *Mathews v. Eldridge* factors indicate that due process compels a pre-deprivation bond hearing for a Section 1226 detainee).

## III. <u>CONCLUSION</u>

For the reasons given above, Emilcent's present detention is unlawful. I will issue an order granting him a bond hearing upon any future detention under § 1226.